IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIAM A. WHITE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 7:21-cv-00219 |
| ) | |
| DEPARTMENT OF HOMELAND ) | By: Elizabeth K. Dillon |
| SECURITY, et al., ) | United States District Judge |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

In this lawsuit, pro se plaintiff William A. White, an inmate in federal prison, alleges violations of his rights under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, the Administrative Procedure Act (APA), 5 U.S.C. § 701, and the United States Constitution. (Am. Compl, Dkt. No. 24.) According to White, the defendants in this matter, the Department of Homeland Security (DHS), the United States Secret Service, the United States Postal Service (USPS), the Civil Rights Division of the Department of Justice (CRD), and the Federal Bureau of Investigation (FBI), all failed to provide records pursuant to FOIA requests.

In total, plaintiff alleges sixteen claims for relief. Defendants move to dismiss four of these claims: Counts Three and Four for lack of subject matter jurisdiction and Counts Two and Sixteen for failure to state a claim. (Dkt. No. 35.) The court issued a *Roseboro* notice to White (Dkt. No. 39),[1] White filed a response to defendants' motion (Dkt. No. 44), and defendants filed a reply (Dkt. No. 45).

The court finds that a hearing is not necessary to resolve defendants' motion, which will

---

[1] In his response to the motion to dismiss, plaintiff faults defendants for not providing a *Roseboro* notice, but, as is customary, the notice was provided by the clerk of court on September 21, 2021.

be granted.

I. BACKGROUND

In his amended complaint, plaintiff alleges fourteen FOIA claims, one APA claim, and a First Amendment claim. Plaintiff does not seek any monetary relief. Instead, he seeks injunctive and declaratory relief. (Am. Compl. at 17.)[2]

The claims at issue in this motion to dismiss are as follows.

A. **FOIA Request to DHS (Count Two)**

Plaintiff alleges that on November 15, 2018, he mailed a FOIA request to DHS at their published FOIA address. (Am. Compl. ¶ 7.) Plaintiff exchanged letters between December 13, 2018, and January 11, 2019, wherein DHS stated it would not release records unless plaintiff provided a fingerprint card. (*Id.* ¶ 8.) In Count Two, plaintiff seeks judicial review of DHS's fingerprint requirement under the APA. (*Id.* ¶¶ 29–30.)

B. **FOIA Request to USPS (Count Three)**

Plaintiff alleges that he mailed a FOIA request to USPS at their published FOIA address and received no response. (Am. Compl. ¶¶ 9–10.) In Count Three, plaintiff alleges that USPS violated FOIA by failing to make a determination on the request, failing to make the requested records promptly available, and failing to conduct a reasonable search for the records.

The USPS (the Postal Service) has three components: the Postal Service, the United States Postal Service Inspection Service (Postal Inspection Service), and the United States Postal Service Office of the Inspector General (OIG). (Declaration of Nancy Chavannes-Battle

---

[2] The court will cite to page numbers and paragraph numbers in the amended complaint where appropriate.

(Chavannes-Battle Decl.) ¶ 4, Dkt. No. 36-1.)³  Each part maintains their own separate FOIA Requester Service Centers (RSCs).  (*Id.*)  Each component's RSC processes FOIA requests pursuant to federal regulation and agency policy.  (*Id.* ¶ 5.)  Pursuant to regulation, each component is only responsible for responding to requests it receives for records it maintains, and when a component receives a FOIA request for records maintained by a different component, it refers the request to the appropriate component.  *See* 39 C.F.R. § 265.4.  The FOIA RSC will advise the requester of any such referral.  *Id.*  Under agency policy, an individual must submit a FOIA request to the appropriate FOIA RSC.  *See* Guide to Privacy, the Freedom of Information Act, and Records Management at 4-4.19.⁴

Plaintiff's FOIA request to USPS states "This is a request for all agency records in your possession regarding myself . . . . I have been made aware by other agencies of multiple actions taken by the Postal Inspection Service in regards to me.  I request these records, and, all other records, in your agency's possession."  (Am. Compl. at 19.)  The Postal Service did not receive White's FOIA request when it was sent in November 2018.  (Chavannes-Battle Decl. ¶¶ 8–9.)  Instead, the Postal Service RSC accepted this FOIA request when it was received as a result of this litigation in May 2021.  (*Id.* ¶ 8.)  Postal Service databases indicate no earlier request.  (*Id.* ¶ 9.)

The Postal Service RSC assigned FOIA Tracking Number 2021-FPRO-02682 to

---

³ Defendants move to dismiss counts three and four for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  In a Rule 12(b)(1) motion, the court is "to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).  Thus, the court may consider the declarations and exhibits submitted by defendants in support of their motion to dismiss these claims.

⁴ *See* Agency Handbook, https://about.usps.com/handbooks/as353.pdf (last visited Sept. 21, 2022).

plaintiff's request. (*Id.* ¶ 10.) The request does not seek records from the Postal Service; as noted, it specifically requests records from the Postal Inspection Service. (*Id.* ¶ 11.) Thus, the Postal Service referred plaintiff's request to the Postal Inspection Service. (*Id.*) On July 14, 2021, the Postal Service sent letters acknowledging plaintiff's request and informing him that the request had been forwarded to the appropriate agency. (*Id.* ¶ 12, Exs. 1–3.)

**C. FOIA Request to Secret Service (Count Four)**

Plaintiff alleges that he submitted a FOIA request to the Secret Service on November 19, 2018. (Am. Compl. ¶¶ 11–13; *id.* at 20.) In Count Four, plaintiff alleges that the Secret Service violated FOIA by failing to make a determination on the request, failing to make the requested records promptly available, and failing to conduct a reasonable search for the records.

The Secret Service is a component of DHS. (Declaration of Kevin L. Tyrell (Tyrell Decl.) ¶ 1, Dkt. No. 36-2.) The Secret Service FOIA Officer is given authority to grant or deny any request for access to Secret Service records made under FOIA and/or the Privacy Act. (*Id.* ¶ 6.) A requester who makes a request for records about themselves must verify their identity to ensure an individual's file is not sent to an unauthorized third party. (*Id.* ¶ 7; 6 C.F.R. §§ 5.3(a)(3), 5.21(d).) A typical file as requested from the Secret Service may contain not only personal identifiable information (such as date of birth, social security number, driver's license number, and current and previous address information); these files also often contain investigatory information received from agency databases, witness statements and contact information, information on confidential informants, and statements from the person. (Tyrell Decl. ¶ 7.)

To submit proof of identity, the requester must provide an original signature and a

4

notarized statement attesting to their identity.  6 C.F.R. § 5.21(d).  If a requester is unable to use a Notary Public, the Secret Service FOIA Office will accept a requester's statement of identity that has been witnessed by a government official such as a caseworker, counselor, or warden. The document must bear the official's stamp, if applicable.  (Tyrell Decl. ¶ 8.)

When the Secret Service requests proof of identity, the requestor is given thirty days to comply.  6 C.F.R. § 5.3(c).  If no response is received, the Secret Service closes the file.  The administrative closure does not prejudice the requester's ability to submit a new request for further consideration with additional information.

By letter dated November 19, 2018, plaintiff requested copies of "all agency records in your possession regarding myself."  (Am. Compl. at 20.)  The letter states that certification of identity is enclosed, but no such proof of identity was provided with the letter.  (Tyrell Decl. ¶ 10, Ex. A.)  The letter was received on November 30, 2018, and assigned FOIA number 20190170.  (*Id.* ¶ 11.)

By letter dated December 4, 2018, the Secret Service FOIA Office acknowledged receipt of plaintiff's request.  (*Id.* ¶ 12, Ex. B.)  The letter requested the plaintiff provide the required proof of identity: an "original signature and a notarized statement attesting to their identity or a perjury statement of declaration pursuant to 28 U.S.C. § 1746."  (*Id.*)  Plaintiff was also informed that if he was unable to obtain the services of a Notary Public, the Secret Service would accept a requestor's statement of identity witnessed by a government official.  (*Id.*)  The letter advised that "failure to submit the required documentation, within thirty (30) days of the above date, will result in the administrative closure of your file."  (*Id.*)

The Secret Service FOIA Office received no response to its December 4, 2018 letter.

5

(*Id.* ¶ 13.)  The file was closed after thirty days.  (*Id.*)  Plaintiff did not file an administrative appeal.  (*Id.* ¶ 14.)

The Secret Service is one of many components of DHS, which has a decentralized system for responding to FOIA requests.  6 C.F.R. § 5.3(a)(1).  Each component has a different FOIA office to process records.  *Id.*  The correct address for the Secret Service FOIA office is 245 Murray Lane SW, Building 410, Washington DC 20223.  (Tyrell Decl. ¶ 16.)  The correct address for the DHS FOIA office is 245 Murray Land SW, STOP-0655, Washington, DC 20528-0655.  (*Id.* ¶ 17.)

As part of its investigation of this case, a letter was discovered that appears to be plaintiff's proof of identity.  (*Id.* ¶ 18, Ex. C.)  Plaintiff's letter appears to include the correct address for the Secret Service's FOIA Office; however, the letter had a zip code of 20528, which is the zip code for the DHS FOIA Office.  (*Id.* ¶ 19, Ex. C.)

### D.  First Amendment Claim Against FBI (Count Sixteen)

This claim relates to FOIA requests sent to the FBI.  In Counts Six through Fifteen, plaintiff alleges that the FBI violated FOIA in various ways, including by aggregating his FOIA requests to the FBI at issue in this case with several other requests to the FBI, which are the subject of litigation in the Southern District of Illinois and the Seventh Circuit Court of Appeals.  *See White v. Exec. Office of U.S. Attorneys*, 444 F. Supp. 3d 930 (S.D. Ill. 2020); *White v. Federal Bureau of Investigation*, 851 F. App'x 624 (7th Cir. 2021).  In that case, the court approved the FBI's process of reviewing and producing 500 pages of documents per month, and the Seventh Circuit affirmed.  The district court explained:

> Plaintiff seeks records from the FBI on no less than 57 subjects.  He has refused to narrow his requests to make them more manageable

6

> or more likely to produce documents that actually shed light on the functioning of government. He has also failed to articulate any real public interest in the records he seeks. Instead, his requests amount to a fishing expedition designed to uncover information about those whom he believes have wronged him and his white supremacist affinity groups. While he may be entitled to all of the non-excluded or non-exempt records he seeks, he is not entitled to them next week, or even next year.

*White*, 444 F. Supp. 3d at 943. In affirming, the court of appeals noted that plaintiff was challenging "the denial of his request that the FBI release 55,000 pages of documents immediately." 851 F. App'x at 627. But the "FBI's policy for requests exceeding 500 pages of documents is one of those contemplated tracks that allows for measured production of large FOIA requests." *Id.* at 628.

In Count Sixteen, plaintiff alleges that the FBI's Records/Information Dissemination Section, and specifically FBI employee David Hardy, placed his FOIA requests at the end of the queue of requests at issue in his other FOIA requests. (Am. Compl. ¶¶ 22–26.) Plaintiff alleges that this process violates the First Amendment. (*See* Am. Compl. ¶ 58 ("David Hardy's decision to apply 'unusual circumstances' to all of my future FOIA requests, and, to place them at the end of a multi-decade long queue, all in retaliation for my lawful exercise of my rights . . . violated US Const Amend I . . .").)

II. ANALYSIS

**A. Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Defendants move to dismiss Counts Three and Four on the grounds that the court lacks subject matter jurisdiction because plaintiff did not exhaust administrative remedies. *See* Fed. R. Civ. P. 12(b)(1). A failure to exhaust administrative remedies under FOIA deprives the court of subject matter jurisdiction, requiring analysis under Rule 12(b)(1) at the motion to dismiss

stage. *See Gray v. Wash. Metro. Area Transit Auth.*, Civil Action No. DKC 16-1792, 2017 WL 511910, at *2 (D. Md. Feb. 8, 2017) (citing *Richmond, Fredericksburg & Potomac R.R. Co.*, 945 F.2d at 768). The court should grant a Rule 12(b)(1) motion "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.* The plaintiff bears the burden of proving that subject matter jurisdiction properly exists in federal court. *See Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). As noted in footnote 3, the court may consider the declarations and exhibits submitted by defendants in support of their motion to dismiss Counts Three and Four for failure to exhaust administrative remedies under FOIA.

**B. Exhaustion of Remedies Under FOIA**

FOIA "was enacted to facilitate public access to Government documents," *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991), and to vindicate the public's right to know "what their government is up to," *DOJ v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 773 (1989). "Before commencing litigation, a requester must ordinarily exhaust administrative remedies by appealing an issue through the FOIA administrative process following an initial adverse determination by the agency." *Coleman v. Drug Enf't Admin.*, 714 F.3d 816, 820 (4th Cir. 2013); *Judicial Watch v. U.S. Naval Observatory*, 160 F. Supp. 2d 111, 112 (D.D.C. 2001) ("It goes without saying that exhaustion of administrative remedies is required in FOIA cases."). FOIA's exhaustion requirement provides the agency with an "opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir. 1990). Also, it "allows the top managers of an agency to correct mistakes made at lower levels and thereby obviates

8

unnecessary judicial review." *Id.*

Plaintiff did not exhaust his request to the Postal Service (Count Three) because the Postal Service did not receive his request, at least not until after this litigation commenced. As described above, plaintiff sent his request to the wrong component of the Postal Service. Further, plaintiff's request asked the Postal Service to produce documents from a different component, the Postal Inspection Service. Only a valid FOIA request can trigger an agency's FOIA obligations, and "failure to file a perfected request therefore constitutes failure to exhaust administrative remedies." *Ramstack v. Dep't of Army*, 607 F. Supp. 2d 94, 102 (D.D.C. 2009). Put more simply, to prevail on a FOIA claim, the plaintiff must prove that he made a FOIA request in accordance with the published rules for the agency, 5 U.S.C. § 552(a)(3)(A), and then prove that that the agency "improperly withheld" records in response to that request, 5 U.S.C. § 552(a)(4)(B). Here, the agency did not improperly withhold anything because it did not receive a request in accordance with its rules. *See Pinson v. U.S. Dep't of Justice*, 69 F. Supp. 3d 108, 114 (D.D.C. 2014) ("[I]f an agency never received a plaintiff's FOIA request in accordance with its published rules, the agency is entitled to summary judgment as a matter of law.").

In response to the motion to dismiss, plaintiff attaches documents which he claims show that the Postal Service received his requests from November and December 2018. However, the correspondence he attaches from USPS confirms that these requests were Privacy Act requests, not the FOIA requests at issue in this case. (*See* Dkt. No. 44-1 at 2 (February 14, 2019 letter stating that "[t]his correspondence responds to the enclosed letter which was received by the Privacy and Records Management Office on December 2, 2018, in which you request access to your Postal Service official personnel file . . . . The records you seek are located in a Privacy Act

9

System of Records . . .").) The response's indication that plaintiff was requesting his personnel file demonstrates that this is a response to a different request than alleged and attached to the amended complaint, which makes no mention of a personnel file. (*See* Am. Compl at 19 ("This is a request for all agency records in your possession regarding myself . . .").)

As for plaintiff's request to the Secret Service (Count Four), plaintiff did not comply with the requirement to provide proof of identity. While White did attempt to comply with this requirement, he sent his proof of identity to the wrong agency component. (Tyrell Decl. ¶ 18, Ex. C.) Therefore, plaintiff's claim against the Secret Service is unexhausted. *See Sai v. Transp. Sec. Admin.*, Civil Action No. 14-0403 (ESH), 2014 WL 12945228, at *4 (D.D.C. Aug. 1, 2014) ("Because plaintiff failed to properly certify his identity . . ., any claims related to those requests are subject to dismissal for failure to exhaust administrative remedies."). Plaintiff also failed to exhaust by not filing an administrative appeal.

For these reasons, Counts Three and Four will be dismissed for lack of subject matter jurisdiction. Because these are the only claims against defendants USPS and the United States Secret Service, those defendants will be dismissed.

**C. Motion to Dismiss for Failure to State a Claim**

Rule 12(b)(6) requires a court to dismiss a complaint if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although allegations in a pro se complaint are construed liberally, a pro se complaint must still allege a plausible claim for relief. *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016).

### D.  APA

The APA allows judicial review of "final agency action."  5 U.S.C. § 704.  A reviewing court may "hold unlawful and set aside agency action for certain specified reasons, including whenever the challenged act is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  *Friends of Back Bay v. U.S. Army Corps. of Eng'rs*, 681 F.3d 581, 586–87 (4th Cir. 2012).  To be final, the action must mark the "consummation of the agency's decision making process," and the action must be one "by which rights or obligations have been determined or from which legal consequences will flow."  *Golden & Zimmerman, LLC v. Domenech*, 599 F.3d 426, 432 (4th Cir. 2010) (citing *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997)).  Moreover, to be reviewable, the final agency action must have been nondiscretionary. *See, e.g.*, *Molina Herrera v. Garland*, 570 F. Supp. 3d 750, 756 (N.D. Cal. 2021) (explaining that for the court to have jurisdiction, there must be final agency action and a nondiscretionary determination)

Plaintiff's one sentence claim in Count Two—that DHS's policy of requiring FOIA requesters to provide an original fingerprint card was applied to him in an arbitrary and capricious manner—is insufficient to state a plausible claim for relief.  It does not state or describe a final agency action that was nondiscretionary.  The court will dismiss this claim.

### E.  First Amendment

To state a claim for a First Amendment violation, a plaintiff must allege (1) that he engaged in protected First Amendment activity; (2) the defendant took some action that adversely affected his First Amendment rights; and (3) there was a causal relationship between his protected activity and the defendant's conduct.  *Wilson v. United States*, 332 F.R.D. 505, 525

(citing *Martin v. Duffy*, 858 F.3d 239, 249 (4th Cir. 2017)).

Plaintiff's claim is that the FBI violated his First Amendment rights by placing his FOIA requests at the end of a "multi-decade long queue" in retaliation for the lawful exercise of his rights under FOIA. (Am. Compl. ¶ 58.) Even assuming that the receipt of information pursuant to a FOIA request somehow qualifies as protected First Amendment activity, plaintiff has not plausibly alleged that the alleged delay in processing "was taken in response to the exercise of a constitutionally protected right." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Therefore, the court will dismiss this claim under Rule 12(b)(6).

### III.  CONCLUSION

For the foregoing reasons, the court will grant defendants' motion to dismiss Counts Two, Three, Four, and Sixteen of plaintiff's amended complaint. The court will issue an appropriate order.

Entered: September 23, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge