UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIAM A. WHITE, )<br>)<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>DEPARTMENT OF HOMELAND )<br>SECURITY, et al, )<br>)<br>)<br>    Defendants. ) | Case No. 7:21-cv-00219 |

## STATUS UPDATE

Defendants,[1] the Department of Homeland Security ("DHS"), Department of Justice Civil Rights Division ("CRD"), and Federal Bureau of Investigation ("FBI"), hereby provide a status update in the above-captioned matter.

1. On April 15, 2021, the above-captioned matter was transferred to the Western District of Virginia from the Southern District of Illinois. ECF No. 23.

2. On April 16, 2021, Plaintiff filed the Amended Complaint. ECF No. 24.

3. On September 8, 2021, Defendants moved to dismiss Counts II, III, IV and XVI. ECF No. 35. The Motion to Dismiss noted that Defendants would file an Answer as to the remaining counts following a ruling on the Motion to Dismiss.

4. On August 26, 2022, Defendants moved to substitute a different Assistant United States Attorney as counsel for Defendants as prior counsel was leaving the Office of the United States Attorney for the Western District of Virginia. ECF No. 48.

---

[1] Defendants United States Postal Service and United States Secret Service were dismissed from this action. *See* Order Dismissing Counts Two, Three, Four, and Sixteen of the Amended Complaint. (ECF 50).

5. On September 23, 2022, the Motion to Dismiss was granted. Counts Two, Three, Four and Sixteen of the Amended Complaint were dismissed. ECF No. 50. Defendants United States Postal Service and the United States Secret Service were dismissed as defendants in the action. *Id.*

6. The remaining Defendants in this action mistakenly did not file an Answer to the remaining counts.

7. Plaintiff took no further action in the above captioned matter. Plaintiff has not corresponded with Defendants nor filed any motions or requests with the Court.

8. On October 12, 2023, the case was referred to the Honorable C. Kailani Memmer for non-dispositive pretrial motions and issues. ECF No. 51.

9. On April 1, 2024, the second AUSA and previous counsel for Defendants in this matter also left the United States Attorney's Office. The undersigned filed a Notice of Appearance in this matter and began to investigate the status of the case.

10. The undersigned learned that Defendants mistakenly failed to file an answer in this matter, likely due to the first substitution of counsel and confusion regarding the deadline for such a filing.

11. The undersigned learned that despite this mistake, Defendants had been working diligently to comply with their obligations under FOIA and complete production of any documents to which Plaintiff was entitled.

**Defendant Civil Rights Division**

12. As explained in the Declaration of Kilian Kagle, attached hereto as **Exhibit 1,** from 2020-2024, CRD continued to work on Plaintiff's FOIA requests and made follow-up

inquires to Plaintiff. CRD has concluded that it has no records responsive to Plaintiff's FOIA request. *Id.* ¶ 22.

### Defendant Department of Homeland Security

13. As explained in the Declaration of Catrina M. Pavlik-Keenan, ECF No. 36-3, the Bureau of Prisons provided DHS with Plaintiff's fingerprints to facilitate a search for the records requested by Plaintiff. On April 30, 2021, DHS conducted a search and found no responsive records. *Id.* ¶ 14.

### Defendant Federal Bureau of Investigation

14. FBI has found records responsive to nine of the FOIA requests listed in the Amended Complaint.

15. The total page count of potentially responsive records is approximately 21,132.

16. Since 2023, FBI has been sending monthly productions to Plaintiff in response to the FOIA requests that are the subject of the above captioned action. FBI has been reviewing approximately 500 pages per month.

17. As of April 30, 2024, FBI has reviewed approximately 5,020 pages of potentially responsive documents. All of these documents concern the largest of Plaintiff's FOIA requests, regarding Harold Covington.

18. The FBI has approximately 16,112 pages remaining to be reviewed. This review will take approximately 33 months.

19. In addition, the FBI has located approximately 73 hours of audio and 27 minutes of video potentially responsive to Plaintiff's FOIA requests. At the standard review rate, review and processing of this media would take approximately 149 months.

20. On April 29, 2024, Defendant FBI sent Plaintiff a letter detailing the extent of the media found and the cost of review of this media. Defendant FBI invited Plaintiff to reduce the estimated cost and wait time by narrowing the scope of his FOIA request. Plaintiff responded on May 24, 2024, stating that he was not interested in the media. Defendant FBI will therefore eliminate media from their review and future productions.

Respectfully submitted,

CHRISTOPHER R. KAVANAUGH
United States Attorney

Date: June 25, 2024

/s/ Rachel Barish Swartz
Rachel Barish Swartz
Assistant United States Attorney
U.S. Attorney's Office
255 West Main Street, Room 130
Charlottesville, Virginia 22901
Tel: 434-293-4283
Rachel.swartz@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on June 25, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and mailed a copy thru the United States Postal Service to the following non-CM/ECF participant:

William A. White
Inmate #13888-084
FCI Cumberland
P.O. Box 1000
Cumberland, MD  21501

/s/ Rachel Barish Swartz
Rachel Barish Swartz
Assistant United States Attorney